BENJAMIN B. WAGNER
United States Attorney
PAUL A. HEMESATH
KEVIN KHASIGIAN
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NICHOLAS J. CAPOS, <br><br> Defendant. | Case No. <br><br> STIPULATION AND ORDER REGULATING DISCOVERY <br><br> FED. R. CRIM. P. 16(d)(1) |

Pursuant to Fed. R. Crim. P. 16(d), the undersigned parties in United States v. Nicholas J. CAPOS, Case No. 2:14-cr-00020-MCE, stipulate and agree, and respectfully request that the Court order that:

1.  The United States shall turn over discovery material in this case to counsel for defendant Nicholas J. CAPOS ("DEFENDANT"). This material shall be deemed protected ("The Protected Material.") under this Order. The Protected Material contains private health information of third parties, as well as sensitive information regarding the underlying investigation. Disclosure of The Protected Material to DEFENDANT may be required pursuant to the government's discovery obligations and, even if not required, will facilitate DEFENDANT'S trial preparation.

2.  The Protected Material is now and will forever remain the property of the United States. The Protected Material is entrusted to counsel for the DEFENDANT only for purposes of representation

STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY      1

1  of DEFENDANT during trial in this case.

2      3.    The purpose of this Order is to establish the procedures that must be followed by defense
3  counsel of record, any designated employees, and all other individuals who receive access to this
4  information or these documents in connection with this case.

5      4.    Counsel for DEFENDANT shall not give the Protected Material to any person other than:
6  (1) counsel's staff assisting in preparation of the present trial or (2) other counsel retained by
7  DEFENDANT, so long as such counsel is disclosed to the government.  The term "staff" shall explicitly
8  include attorneys, paralegals, retained experts and investigators assisting counsel for DEFENDANT in
9  the present trial and exclude any other defendant in this case, or any other pending case against
10 DEFENDANT, or any other person other than those specifically described in this paragraph.

11     5.    Any person receiving access to the Protected Material from counsel for DEFENDANT
12 shall be bound by the same obligations as defense counsel and, further, may not give the Protected
13 Material to anyone.  No members of DEFENDANT's family, friends of the DEFENDANT, associates
14 of DEFENDANT, or other such associates of DEFENDANT shall be given access to the Protective
15 Material or its contents in any manner.

16     6.    Counsel for DEFENDANT shall not make any copies, duplicates, or any recordings of
17 the Protected Material. Counsel for DEFENDANT may, however, take written or typed notes
18 summarizing the Protected Material and, if necessary to the litigation of the instant matter, may have the
19 Protected Material transcribed.

20     7.    Counsel for DEFENDANT shall maintain a list of persons to whom any portions or
21 copies of the Protected Material are being or have been given. Such persons shall be provided with a
22 copy of this Stipulation and Order and shall sign their full names to a copy of the Stipulation and agree
23 to be bound by the Order and note that they understand its terms and agree to them by signing.

24     8.    Counsel for DEFENDANT may use any and all of the Protected Material in the vigorous
25 defense of DEFENDANT in the instant case in any manner deemed essential to adequately represent the
26 DEFENDANT (i.e., in motions that are filed under seal, if necessary; in <u>ex</u>-<u>parte</u> applications as may be
27 needed; and in reproducing and summarizing the Protected Material for use in trial preparation
28 summaries, exhibits and as evidence, as may be needed), consistent with the Protective Order as it shall

STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY    2

be originally prepared and signed. In the event defense counsel needs to use the Protected Material in a manner not authorized under the present Proposed Protective Order, counsel shall be entitled to seek to have the order amended by the District Court after having given notice to counsel for the government in a hearing before the District Court in order to meet the obligations under the Sixth Amendment to the United States Constitution.

9. Counsel for DEFENDANT is authorized to discuss with DEFENDANT the contents of the Protected Material. Counsel for DEFENDANT and any members of counsel's staff, however, are prohibited from, in any way, giving DEFENDANT: any of the Protected Material, itself; copies of the Protected Material; copies of excerpts of the Protected Material; or summaries of the Protected Material. This prohibition will not extend to DEFENDANT viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

10. Within thirty days of the finality of the instant case against the DEFENDANT, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for DEFENDANT shall return any and all copies of the Protected Material and so certify to the attorney for the government.

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

DATE: February 3, 2014         /s/ Paul A. Hemesath
                                Assistant U.S. Attorney


DATE: February 3, 2014         /s/ Thomas A. Johnson
                                Thomas A. Johnson
                                Counsel for Nicholas J. Capos

STIPULATION AND [PROPOSED] ORDER REGULATING DISCOVERY      3

# O R D E R

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Material as defined in the stipulation in this case.

**IT IS SO ORDERED**.

Dated:  February 4, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE